UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shari L. Fisher,

      Plaintiff,

v.                                                                                  Civil No. 12-1933 (JNE/LIB)
                                                                                   ORDER

Carolyn W. Colvin,
Acting Commissioner of Social Security,

      Defendant.

      Plaintiff Shari L. Fisher brought this action seeking judicial review of the denial of her application for Supplemental Security Income and Disability Insurance benefits under Titles II and XVI of the Social Security Act.  Ms. Fisher and the Defendant Commissioner of Social Security filed cross-motions for summary judgment.  ECF Nos. 10 and 20.

      The case is now before the Court on a Report and Recommendation from United States Magistrate Judge Leo I. Brisbois.  ECF No. 24.  The Magistrate Judge concluded that the decision of the Administrative Law Judge (which became the final agency decision after the Appeals Council denied Ms. Fisher's request for review) is supported by substantial evidence at steps one through four of the five-step disability analysis, but not at step five.  On that basis, the Magistrate Judge recommends that both of the summary judgment motions be granted in part and denied in part, and that the matter be remanded to the Commissioner for further proceedings regarding the conflict between the testimony of the Vocational Expert ("VE") and the occupational definitions in the Dictionary of Occupational Titles ("DOT") that arose at step five of the analysis.

The Commissioner objected to the Magistrate Judge's recommendation of a limited remand on two grounds.[1]  ECF No. 25.

First, the Commissioner contends that a remand is not warranted because there is actually no inconsistency between the VE's testimony and the DOT, and asserts that the ALJ's finding to the contrary was harmless error.  *Id.* at 2-3.  The VE testified before the ALJ that Ms. Fisher's need for a brief change in position every 30 minutes would not preclude her from performing the three occupations he identified, which fall within the categories of light and sedentary work.  Transcript of ALJ Hearing, ECF No. 7-2 at 85-87.  The Commissioner argues that this testimony is not inconsistent with the DOT because "the DOT is silent with regard to requirements that an individual be allowed to switch positions . . ."  *Id*. at 2.

The Commissioner's argument, however, is in direct conflict with Eighth Circuit case law and agency rulings that are "binding on all components of the Social Security Administration."  20 C.F.R. § 402.35(b)(1).  The Commissioner argues here that the VE testified "credibl[y]" before the ALJ that "his testimony . . . was consistent with information contained in the DOT."  Defendant's Objection, ECF No. 25 at 2.  In the administrative proceedings below, however, the Commissioner took the exact opposite position: the final agency determination is the ALJ's decision, which includes – in language that could not be more clear – that "the vocational expert's testimony is *inconsistent* with the information contained in the Dictionary of Occupational Titles . . ."  ALJ Decision, ECF No. 7-2 at 25 (emphasis added).

---

[1]  The Commissioner filed her objection on February 25, 2014, well after the February 13 deadline specified in the Report and Recommendation.  However, as the Commissioner explained, the docket entry for the Report and Recommendation included a notation that objections were due by February 27.  Ms. Fisher did not object to the late filing, and based on the Commissioner's showing of good cause, the Court will accept it.

Contrary to the Commissioner's urging, the position on the issue that she adopted below cannot be dismissed here as a mere "deficiency in opinion-writing technique" on the part of the ALJ. *See* Defendant's Objection, ECF No. 25 at 3 (quoting *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987). As the Magistrate Judge explained, the Social Security Administration itself has ruled, in a Program Policy Statement that is binding on the agency, 20 C.F.R. § 402.35(b)(1), that an individual like Ms. Fisher who "must alternate periods of sitting and standing . . . is *not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work* (and for the relatively few light jobs which are performed primarily in a seated position) *or the prolonged standing or walking contemplated for most light work*." SSR 83-12, 1983 WL 31253, at *4 (1983) (emphasis added). Where a claimant's Residual Functional Capacity incorporates unusual limitations related to sitting and standing, the agency instructs that "a [VE] should be consulted to clarify the implications for the occupational base." *Id.*

Furthermore, the agency has issued a binding Policy Interpretation Ruling that "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT," but which recognizes that a "conflict" may nonetheless reasonably arise where "[e]vidence from VEs . . . include[s] information not listed in the DOT" or where the VE "provide[s] more specific information about jobs or occupations than the DOT." SSR 00-4p, 2000 WL 1898704, at *2-3 (Dec. 4, 2000). Thus, the agency's long-standing view is that a VE's testimony regarding an issue on which the DOT is silent is *inconsistent* with the DOT. The Commissioner cites no Eighth Circuit authority that would undermine that basic understanding, and the ALJ correctly applied it to the VE's testimony in the administrative proceedings below.

What comes next, however, is where the problem arose.  When there is a conflict between the VE's testimony and the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' . . ." *Id.* at *2.  In these circumstances, the ALJ is free to "rely[] on the VE . . . evidence to support a determination or decision about whether the claimant is disabled," but may only do so after "elicit[ing] a reasonable explanation for the conflict . . ." *Id.* at *2, 4.  *See Kemp ex rel. Kemp v. Colvin*, No. 13-1421, 2014 WL 700781, at *2 (8th Cir. Feb. 25, 2014) (finding that agency did not meet burden at step five where "the record does not reflect whether the VE or the ALJ even recognized the possible conflict" between the DOT listing and the VE's testimony).

This requirement is not onerous; it obliges the ALJ to do no more than ask the VE to explain the discrepancy on the record and to explain in her decision how she resolved the inconsistency.  Even in these circumstances, where the inconsistency between the VE's testimony and the DOT was not apparent to the ALJ until after the administrative hearing, she could have satisfied her duty to develop the record by posing a written interrogatory to the VE.  *See id.* at *3 n. 3 (observing that in remand ordered under similar circumstances "the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the VE, and thus another administrative hearing may not be required").

Nevertheless, the requirement proved troublesome here.  In her decision, after having properly found that the VE's testimony was inconsistent with the DOT, the ALJ explained that she resolved the discrepancy in the VE's favor because he had "based his testimony regarding a 'brief change in position' on his extensive experience studying jobs in the region and placing individuals in jobs similar to those considered here."  ALJ Decision, ECF No. 7-2 at 25.  The problem, simply put, is that the VE never said that.  Therefore, as the Magistrate Judge

4

concluded, the VE's testimony cannot constitute substantial evidence for the ALJ's determination at step five of the disability analysis because the record is completely devoid of an explanation for the inconsistency between the VE's testimony and the DOT.  *See Kemp*, 2014 2014 WL 700781, at*2 ("[The Eighth Circuit] has held that when VE testimony conflicts with the DOT, the DOT controls if its classifications are unrebutted . . . and that in such a circumstance, the VE's testimony does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform . . .").  The Commissioner's first argument is thus unavailing.

The second argument presented in the Commissioner's Objection is that Ms. Fisher "cannot now complain that the [VE's] testimony was inadequate or that the ALJ's reliance on the expert's testimony was erroneous" because her "counsel had the opportunity to ask the [VE] follow-up questions" during the administrative hearing but did not.  Defendant's Objection, ECF No. 25 at 3.

If either party has waived an argument here, however, it is the Commissioner, who failed to present this argument to the Magistrate Judge.  *See Ridenour v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 679 F.3d 1062, 1066-1067 (8th Cir. 2012) (affirming that parties are "required to present all of [their] arguments to the magistrate judge, lest they be waived").  Even if there were some basis for excusing the Commissioner's clear procedural default – and the Commissioner has conspicuously offered none – her argument would nonetheless fail on the merits.  The Commissioner essentially urges the Court to require a claimant who has exhausted her administrative remedies to also have exhausted all issues before the ALJ.  But that is not the

law in the Eighth Circuit.² *Cf. Sims v. Apfel*, 530 U.S. 103, 112 (2000) ("Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues.").

Furthermore, even if ALJ issue exhaustion were the law, the burden of production shifts to the agency at step five of the disability analysis, and "it strikes us as odd that [a claimant] could 'waive' his argument that the ALJ should have acted *sua sponte* to develop the record more fully." *Harwood v. Apfel*, 186 F.3d 1039, 1043 n. 3 (8th Cir. 1999). In addition, because the point of any judicially-imposed issue exhaustion requirement would be to ensure that the agency has an opportunity to address an issue that is within its area of expertise, *see Sims*, 530 U.S. at 115-16 (Breyer, J., dissenting), it would odder still to preclude Ms. Fisher from arguing the issue in these circumstances, where the ALJ affirmatively recognized and addressed the issue in the decision that is on review.

Therefore, having conducted a de novo review of the record, *see* D. Minn. LR 72.2(b), the Court adopts the Report and Recommendation. Accordingly, under sentence four of 42 U.S.C. § 405(g), the Commissioner's decision is affirmed as to steps one through four of the disability analysis and vacated as to step five, and the case is remanded to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-101 (1991) (noting that "under sentence four, a district court may . . . remand in conjunction with a judgment reversing in part the Secretary's decision").

---

²     The Commissioner's characterization of *Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992) as a case that stands for the proposition that "claimant could not complain about vocational expert testimony where he had opportunity to cross-examine expert during administrative hearing" is unsupportable. In that case, the Eighth Circuit rejected the plaintiff's argument that "the ALJ denied him due process in examining [the VE] through written interrogatories after the hearing was closed," noting that he "was given every opportunity to cross examine the vocational expert at the hearing and to submit any additional questions in the form of written interrogatories." *Id.* at 1009. This has no bearing on the case at hand.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment [ECF No. 10] is GRANTED IN PART and DENIED IN PART.

2. Defendant's Motion for Summary Judgment [ECF No. 20] is GRANTED IN PART and DENIED IN PART.

3. The Commissioner's decision is AFFIRMED as to steps one through four of the five-step disability analysis and VACATED as to step five.

4. The case is REMANDED to the Commissioner for further proceedings consistent with the memorandum above and the Magistrate Judge's Report and Recommendation.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 5, 2014                         s/Joan N. Ericksen
                                             JOAN N. ERICKSEN
                                             United States District Judge